1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   FOUZIA ISABEL ALMAROU,      ) Case No. CV 14-0796-PSG (JPR)
                                 )
13                   Plaintiff,  )
                                 ) ORDER ACCEPTING FINDINGS AND
14            vs.                ) RECOMMENDATIONS OF U.S.
                                 ) MAGISTRATE JUDGE
15   CAROLYN W. COLVIN, Acting   )
     Commissioner of Social      )
16   Security,                   )
                                 )
17                   Defendant.  )

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the

19   Complaint, the parties' cross-motions for judgment on the

20   pleadings, the Administrative Record, and all other records on

21   file as well as the Report and Recommendation of the U.S.

22   Magistrate Judge.  On July 16, 2015, Plaintiff filed objections

23   to the R&R.  Defendant did not file a response.  The Court has

24   made a de novo determination of those portions of the R&R to

25   which Plaintiff objected.

26        Plaintiff objects to the Magistrate Judge's recommendation

27   that this case be remanded for further proceedings and argues

28   that it should instead be remanded for an award of benefits.

                                    1

(Objections at 2.)  But as the Magistrate Judge found (R&R at 20-21), the evidence fails to establish that Plaintiff was disabled during the relevant period, and remand is appropriate to allow the ALJ to reassess the medical evidence and possibly solicit an additional medical opinion, revise Plaintiff's residual functional capacity, and solicit additional vocational-expert testimony regarding Plaintiff's ability to work.

Plaintiff also objects to the Magistrate Judge's observation that the ALJ correctly found that Plaintiff was able to care for her four minor children and adult disabled son.  (Objections at 2.)  In support of her objection, Plaintiff submits what she claims is a "document proving [she] receive[s] assistance for [her] children due to [her] disability to receive help to care for them."  (Id.)  But that document, a notice of action from the California State Department of Education, shows only that Plaintiff was approved for childcare services for three of her five children beginning April 7, 2015, more than two years after the ALJ issued his decision in this case.  (See id.; R&R at 2.)  As such, it does not relate to the relevant time period at issue.  See Sanchez v. Sec'y of Health & Human Servs., 812 F.2d 509, 511 (9th Cir. 1987) (plaintiff must show that "new evidence is material to and probative of [her] condition as it existed at the relevant time — at or before the disability hearing").  But in any event, as the R&R notes (R&R at 21-22), the ALJ may reassess Plaintiff's credibility, if necessary, after reconsidering the medical evidence and his finding that Plaintiff's mental impairment was not severe.  As such, Plaintiff may make any arguments regarding her credibility to the ALJ on remand.

1        Having reviewed the record, the Court concurs with and

2    accepts the Magistrate Judge's recommendations.  IT THEREFORE IS

3    ORDERED that judgment be entered reversing the decision of the

4    Commissioner, remanding for further proceedings, and in

5    Plaintiff's favor.

6

7    DATED: August 13, 2015    _____

8                                    PHILIP S. GUTIERREZ
                                     U.S. DISTRICT JUDGE